IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ALFONSO TREVINO III,<br>TDCJ-CID No. 2199765,<br><br>Plaintiff,<br><br>v.<br><br>BILL CLEMENTS UNIT, *et al.*,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | 2:25-CV-46-Z-BR |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DISMISS COMPLAINT IN PART**

Before the Court is the Complaint (ECF 3) filed by Plaintiff Alfonso Trevino III ("Trevino") against Defendants Bill Clements Unit, Braden Babcock and Marcello Contreras, alleging violations of Trevino's civil rights. Trevino filed this lawsuit *pro se* while a prisoner in the Robertson Unit of the Texas Department of Criminal Justice ("TDCJ") and has been granted permission to proceed *in forma pauperis*. As such, his lawsuit is subject to preliminary screening as provided by the Prison Litigation Reform Act ("PLRA"). Pursuant to such screening and for the reasons stated below, the Magistrate Judge recommends that Trevino's Complaint be DISMISSED IN PART pursuant to 28 U.S.C. §§ 1915 and 1915A.

**I. STANDARD OF REVIEW**

A court must dismiss a complaint filed *in forma pauperis* by a prisoner against a government entity or employee if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B) (2017); *see also* Section 1915A(b) (applying section to any suit by a prisoner against certain governmental entities, regardless of

1

whether the prisoner is proceeding *in forma pauperis*). A frivolous complaint lacks any arguable basis, either in fact or in law, for the wrong alleged. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint has no arguable basis in fact if it rests upon clearly fanciful or baseless factual contentions, and similarly lacks an arguable basis in law if it embraces indisputably meritless legal theories. *See id.* at 327; *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). When analyzing a prisoner's complaint, the court may consider reliable evidence such as the plaintiff's allegations, responses to a questionnaire, and authenticated prison records. *Wilson v. Barrientos*, 926 F.2d 480, 483–84 (5th Cir. 1991); *see also Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (explaining that responses to a questionnaire or testimony given during an evidentiary hearing are incorporated into the plaintiff's pleadings).

In evaluating the sufficiency of a complaint, the court accepts well-pleaded factual allegations as true, but does not credit conclusory allegations or assertions that merely restate the legal elements of a claim. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). While courts hold *pro se* plaintiffs to a more lenient standard than attorneys when analyzing complaints, such plaintiffs still must plead factual allegations that raise the right to relief above a speculative level. *Id.* (*citing Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)).

## II. LEGAL ANALYSIS

**A.     Factual Background.**[1]

On August 27, 2024, two officers, identified in Trevino's questionnaire responses as Defendants Braden Babcock ("Babcock") and Marcello Contreras ("Contreras") were escorting Trevino to get a haircut when Babcock departed in response to a radio call for additional staff,

---

[1]These background facts are taken from Trevino's Complaint (ECF 3) and questionnaire responses (ECF 11) and are assumed to be true for the purpose of evaluating the merits of Trevino's causes of action.

leaving Contreras to escort Trevino alone. (ECF 3 at 6). Trevino was handcuffed with his hands behind his back. Conteras put Trevino in the barber chair, still handcuffed. (*Id*.) Another inmate entered the area and attacked Trevino, stabbing him repeatedly with a steel rod, puncturing both lungs and damaging several other internal organs. (*Id*.) Trevino contends that Conteras abandoned him, left him defenseless to the attack and failed to call for help. (*Id*.; ECF 11 at 2).

Trevino filed this civil rights lawsuit on February 25, 2025, seeking compensatory damages. (*Id*.). For the reasons stated below, Trevino's Complaint against Babcock and the TDCJ should be dismissed, as should his complaint against Contreras in his official capacity.

A.      **Trevino's Claims Against TDCJ.**

Trevino's claim against the Bill Clements Unit of TDCJ ("TDCJ") must be dismissed for lack of jurisdiction. As a sovereign entity, a state may not be sued without its consent. Therefore, under the Eleventh Amendment, "[f]ederal courts are without jurisdiction over suits against a state, a state agency, or a state official in his official capacity unless that state has waived its sovereign immunity or Congress has clearly abrogated it." *Moore v. Louisiana Bd. of Elementary & Secondary Educ*., 743 F.3d 959, 963 (5th Cir. 2014).

Trevino's claim against TDCJ is without merit because it is simply another way of attempting to sue the State of Texas. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). The Eleventh Amendment "prohibits a private citizen from bringing suit against a state in federal court unless the state consents." *Daigle v. Gulf State Utilities Co., Local Union Number 2286*, 794 F.2d 974, 980 (5th Cir. 1986). When a state agency is the named defendant, the Eleventh Amendment bars all suits against it, regardless of the relief sought. *Cox v. Texas*, 354 F. App'x 901, 902 (5th Cir. 2009). The Fifth Circuit has held that TDCJ is a state agency that enjoys immunity from suit in federal court. *Id.* at 902 (citing *Harris v. Angelina County, Tex.*, 31 F.3d 331, 338 n.7 (5th Cir.

1994). Accordingly, Trevino's claim against TDCJ should be dismissed for lack of jurisdiction.

B.     **Failure to Protect Claim Against Babcock and Contreras.**

Trevino alleges that Babcock and Contreras failed to protect him from the inmate's attack in violation of the Eighth Amendment. Prison officials have a constitutional duty to protect prisoners from violence at the hands of their fellow inmates. *See Farmer v. Brennan*, 511 U.S. 825, 832–33, (1994); *see also Horton v. Cockrell*, 70 F.3d 397, 400-02 (5th Cir. 1995). Pursuant to *Farmer*, an inmate "must show that he is incarcerated under conditions posing a substantial risk of serious harm" and that prison officials were deliberately indifferent to the inmate's safety. *Id*. at 834.

Not every injury suffered by a prisoner at the hands of another, however, rises to the level of a constitutional violation. *Id.* at 834. Nor are prison officials "expected to prevent all inmate-on-inmate violence." *Adames v. Perez*, 331 F.3d 508, 512 (5th Cir. 2003) (citing *Farmer*, 511 U.S. at 834). Only deliberate indifference, "an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind," constitutes conduct proscribed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97 (1976). "Deliberate indifference" means that a prison official is liable "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847-48. Officials who fail to prevent an injury inflicted by fellow prisoners are liable only when they possess the requisite mental state. *Id.* at 832-34.

Trevino fails to state a claim against Babcock. He alleges only that Babcock was called away before the attack occurred. He alleges no facts showing that Babcock was aware of an impending attack upon Trevino, such that Trevino was at substantial risk of serious harm if Babcock answered the call. Therefore, Trevino has failed to state a claim against Babcock for

failing to protect him.

Further, Trevino's claim that Babcock violated TDCJ policy by leaving Trevino with one escort instead of two fails to state a claim. An assertion that prison officials failed to follow prison rules or policies does not state a constitutional violation. *McFaul v. Valenzuela*, 684 F.3d 564, 579 (5th Cir. 2012), *citing Jackson v. Cain*, 864 F.2d 1235, 1251-52 (5th Cir. 1989); *see also Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996) (per curiam). TDCJ's policies, internal rules, and regulations, standing alone, do not create federally protected rights. *See Sandin v. Conner*, 515 U.S. 472, 487 (1995); *Jackson*, 864 F.2d at 1251 ("A state's failure to follow its own procedural regulations does not establish a violation of due process, because constitutional *minima* may nevertheless have been met." (internal quotation omitted)). The allegation that Babcock failed to follow a prison rule by leaving Trevino with one escort instead of two does not state a constitutional law violation. Trevino's claims against Babcock should be dismissed.

Conversely, Trevino alleges that Contreras was present when the attack occurred. A prison guard has a duty to intervene and attempt to end an assault on an inmate. *Farmer*, 511 U.S. at 847-48. Although immediate intervention is not required, a prison official must take steps to halt inmate-on-inmate violence. Case law consistently holds that deliberate indifference does not exist in situations in which officers have taken some action to halt the violence, including: (1) giving verbal orders to stop the violence, *Payne v. Collins*, 986 F. Supp. 1036, 1061 n.59 (E.D. Tex. June 25, 1997), (2) leaving to get help, *see Rios v. Scott*, 100 F. App'x 270 (5th Cir. 2004) (officer did not immediately intervene in an attack but ran to get help), and (3) leaving to obtain equipment, such as weapons and chemical agents, to halt the violence, *see Longoria v. Texas*, 473 F.3d 586, 592 (5th Cir. 2006) (officers did not immediately intervene but ran to alert other officers and to obtain weapons and tear gas).

In failure-to-protect cases, "prison guards have no constitutional duty to intervene in the armed assault of one inmate upon another when intervention would place the guards in danger of physical harm." *Id.* at 593-94; *Prosser v. Ross*, 70 F.3d 1005, 1008 (8th Cir. 1995); *see also Winfield v. Bass*, 106 F.3d 525, 532 (4th Cir. 1997) (en banc) ("[S]uch heroic measures are not constitutionally required."). The Constitution does not require unarmed officials to endanger their own safety in order to protect a prisoner threatened with physical violence. *Longoria*, 473 F.3d at 593-94. The Eighth Amendment, however, does demand that the prison official take some action to halt the violence. *See Davidson v. Cannon*, 474 U.S. 344, 348 (1986) (comparing negligence to deliberate indifference in a failure to intervene context and implying that standing by and allowing an attack to proceed constitutes deliberate indifference). "Despite its concern with the Fourteenth Amendment's due process clause, *Davidson* constitutes part of Eighth Amendment jurisprudence." *Payne*, 986 F. Supp. at 1062 n.59.

Trevino's Complaint and questionnaire responses state that Contreras not only took no action to stop the attack, but also left the area and failed to radio for assistance. (ECF 3; ECF 11 at 2). "[C]ompletely failing to take any action" to stop an ongoing assault on a prisoner can amount to deliberate indifference. *Winfield*, 106 F.3d at 532; *see also, e.g., Odom v. S.C. Dep't of Corr.*, 349 F.3d 765, 773 (4th Cir. 2003) ("[A] correctional officer who stands by as a passive observer and takes no action whatsoever to intervene during an assault violates the [Eighth Amendment] rights of the victim inmate."); *Williams v. Mueller*, 13 F.3d 1214, 1216 (8th Cir. 1994) ("A prison official acts with deliberate indifference to an inmate's safety when the official is present at the time of an assault and fails to intervene or otherwise act to end the assault."); *cf Prosser*, 70 F.3d at 1008-09 (finding no deliberate indifference when prison guard ran to get help immediately after inmate threw first punch at plaintiff). Thus, courts have found that "a corrections officer's failure

to intervene in a beating can be the basis of [§ 1983] liability" if the officer had a reasonable opportunity to act and "simply refused to do so." *Smith v. Mensinger*, 293 F.3d 641, 650 (3d Cir. 2002).

Trevino sufficiently alleges facts indicating that Contreras intentionally failed to intervene and protect him from the attack. At this stage of the proceedings, Trevino has stated a claim against Contreras for failure to protect that survives screening.

**C.     Claim Against Contreras in his Official Capacity.**

Trevino does not specify whether he sues Contreras in his individual or official capacity. To the extent Trevino intends to sue Contreras in his official capacity, such claim must be dismissed for lack of jurisdiction. As a sovereign entity, a state may not be sued without its consent. Read literally, the text of the Eleventh Amendment prevents only non-citizens of a state from suing that state. *See* U.S. Const. amend. XI. However, courts uniformly have held that the Eleventh Amendment provides protections beyond its text, shielding states from suits brought by their own citizens, as well as citizens of other states. *See Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011). Therefore, under the Eleventh Amendment, "[f]ederal courts are without jurisdiction over suits against a state, … unless that state has waived its sovereign immunity or Congress has clearly abrogated it." *Moore v. Louisiana Bd. of Elementary & Secondary Educ.*, 743 F.3d 959, 963 (5th Cir. 2014).

This sovereign immunity bar extends to actions against state officers in their official capacities. *Edelman v. Jordan*, 415 U.S. 651, 663–69 (1974). Suits against state officials in their official capacities should be treated as suits against the state. *Hafer v. Melo*, 502 U.S, 21, 25 (1991). Moreover, state officials acting in their official capacities are not 'persons' under Section 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71. As a result, it is well established that suits

for monetary damages against state officials in their official capacities cannot succeed under Section 1983. *See Almond v. Tarver*, 468 F. Supp. 2d 886, 892-95 (E.D. Tex. 2006) (collecting authorities and holding that claim against state official in his official capacity was barred by sovereign and Eleventh Amendment immunities). Trevino's request for monetary damages against Contreras in his official capacity should be dismissed without prejudice for lack of subject matter jurisdiction.

**E.     Leave to Amend.**

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint prior to dismissal. *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). The district court is not required to allow such an opportunity, though, if the prisoner's claims are clearly frivolous, *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994), or if the prisoner has pleaded his best case in the current complaint. *Mendoza-Tarango v. Flores*, 982 F.3d 395, 402 (5th Cir. 2020). Trevino has fully responded to the Court's questionnaire and has pleaded his best case; therefore, leave to amend is unnecessary.

## RECOMMENDATION

For the reasons stated above, the Magistrate Judge concludes that Trevino's claims against the TDCJ and Contreras in his official capacity should be DISMISSED WITHOUT PREJUDICE for lack of subject-matter jurisdiction pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Trevino's claims against Babcock should be DISMISSED WITH PREJUDICE pursuant to § 1915(e)(2)(B)(ii).

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED August 6, 2025.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

### * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir. 1988).