IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

ALFONSO TREVINO III

    Plaintiff,

v.

                                     2:25-CV-046-Z-BR

MARCELO CONTRERAS

    Defendant.

## ORDER ADOPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court are the Findings, Conclusions, and Recommendation ("FCR") of the United States Magistrate Judge to grant Defendant's Motion for Summary Judgment. ECF No. 31. An Objection to the FCR has been filed. ECF No. 32. After making an independent review of the pleadings, files, and records in this case, the Court **OVERRULES** Plaintiff's Objection and concludes that the FCR of the Magistrate Judge is correct. It is therefore **ORDERED** that the FCR of the Magistrate Judge is **ADOPTED** and Defendant's Motion for Summary Judgment (ECF No. 28) is **GRANTED**.

### LEGAL STANDARD

"Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." FED. R. CIV. P. 72(b)(2). Under the "prison mailbox rule," a pro se prisoner's objections are deemed filed when delivered to prison authorities. *See Thompson v. Rasberry*, 993 F.2d 513, 515 (5th Cir. 1993). For timely objections, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). However, for objections that are not filed within the fourteen-day period, the Court reviews the Magistrate Judge's findings and

recommendations only for plain error. *Serrano v. Customs & Border Patrol, U.S. Customs & Border Prot.*, 975 F.3d 488, 502 (5th Cir. 2020).

ANALYSIS

Plaintiff has filed an Objection to the Magistrate's FCR. ECF No. 32. Plaintiff's Objection is untimely[1] because it was not filed within the applicable fourteen-day period. FED. R. CIV. P. 72. Accordingly, the Court reviews the Magistrate's FCR only for plain error. *See Serrano*, 975 F.3d at 502.

Plaintiff's sole objection is to the Magistrate Judge's recitation of the facts. At the summary judgment stage, district courts "resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Plaintiff claims that Mr. Contreras left *before* the assault, not during, and that only the barber was present during the assault. ECF No. 32. ("Mr. Contreras[] is lying about leaving during the assault. He left befor[e]. . . . [Only] [t]he barber was with me when [the assault] happened."). The FCR arguably explains the events slightly differently, describing Mr. Contreras leaving with the barber after the assault started. ECF No. 31 at 9 ("Once the attack began, Contreras retreated off the section, along with the inmate barber, and secured the section door."). This matches the account provided in the prison records. *See* ECF No. 30 at 10.

Even if the Court adopted the version of the facts described in Plaintiff's unsworn Objection, the outcome would be the same. Mr. Contreras is entitled to qualified immunity unless Plaintiff has shown (1) a violation of a constitutional right; and (2) that right was

---

[1] The Court received and filed Plaintiff's Objection on April 10, 2026, four days after the deadline for timely objections. ECF No. 32. Because the objection does not indicate when it was given to prison authorities, the Court cannot give Plaintiff the benefit of the "prison mailbox rule." *See Slack v. Quarterman*, No. 4:06-CV-670, 2007 WL 30262, at *2 n.3 (N.D. Tex. Jan. 4, 2007).

"clearly established." *Bevill v. Fletcher*, 26 F.4th 270, 275 (5th Cir. 2022). Even accepting the account of events described in Plaintiff's Objection, he has made neither showing.

First, Plaintiff has not shown a violation of a constitutional right. Here, Plaintiff alleges a violation of the Eighth Amendment. *See* ECF No. 3. A violation of the Eighth Amendment in the context of conditions of confinement requires "deliberate indifference." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). For a failure to protect claim, deliberate indifference is shown only if the prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847. As the FCR found, there is no evidence that Mr. Contreras knew Plaintiff faced a substantial risk of serious harm, nor that he had a reasonable opportunity to intervene once the assault started. *See* ECF No. 31 at 8–9. The timing of Mr. Contreras's departure from the section does not affect either part of the analysis. Leaving before the assault does not show that Mr. Contreras knew that Plaintiff faced a risk nor that he had an opportunity to prevent it. If anything, a pre-assault departure from the area would make it even clearer that Mr. Contreras had no reasonable opportunity to prevent the assault. Thus, the facts as stated in Plaintiff's Objection do not show a constitutional violation.

Second, Plaintiff has not shown that the alleged violation was clearly established. As the FCR found, Plaintiff failed to carry his burden to point to clearly established law altogether. ECF No. 31 at 10. His Objection does not address this failure. ECF No. 32.

Because even the version of the facts in Plaintiff's Objection do not show a violation of a constitutional right, nor that any such right was clearly established, the FCR's legal conclusion is correct. Mr. Contreras is entitled to qualified immunity even if the Court adopted that version of the facts.

Plaintiff's Objection also reasserts his request for appointed counsel. ECF No. 32. The Magistrate Judge previously considered and denied this request. ECF No. 10. The

3

undersigned incorporates and adopts that denial.

CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Plaintiff's Objection and concludes that the FCR of the Magistrate Judge is correct. It is therefore **ORDERED** that the FCR of the Magistrate Judge is **ADOPTED** and Defendant's Motion for Summary Judgment is **GRANTED**.

SO ORDERED.

April 27, 2026

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

4